IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

HALEY JONES,

    Plaintiff,

v.                                     C.A. No.:   1:20-cv-329

CSTORES VENTURES, INC., BOB KHAN,
and SABA KHAN,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HALEY JONES (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendants, CSTORE VENTURES, INC., BOB KHAN and SABA KHAN (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against her employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in

29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, KOHLI ENTERPRISES, LLC, has offices or conducts business in Llano County, Texas.

## THE PARTIES

4. Plaintiff, HALEY JONES, is an individual residing in Llano County, Texas.

5. Plaintiff, HALEY JONES, was employed by Defendants from December 22, 2019, through March 9, 2020, as a Cashier and was paid an hourly rate of $9.00.

6. Defendant, CSTORE VENTURES, INC., is a corporation established under the laws of the State of Texas, having offices in Llano County, Texas.

7. Defendant, CSTORE VENTURES, INC.'s primary business is the operation of Kwik-Stop convenience store franchises.

8. Defendant, BOB KHAN, is an individual residing in Llano County, Texas, and is a manager of Defendant, CSTORE VENTURES, INC.

9. Defendant, SABA KHAN, is an individual residing in Llano County, Texas, and is an Officer and Director of Defendant, CSTORE VENTURES, INC.

10. Defendants, BOB KHAN and SABA KHAN, at all times relevant to

this matter acted directly or indirectly in the interest of Defendant, CSTORE VENTURES, INC., in relationship to Plaintiff's employment; thus, the Defendants are joint employers as defined by 29 U.S.C. § 203(d).

11. Defendants: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

12. Defendants haves employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

13. At all times material to this complaint, Defendant, CSTORE VENTURES, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

14. At all times material to this complaint, Defendant, CSTORE VENTURES, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

15. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

16. Plaintiff was individually engaged in commerce and produced goods for commerce, e.g., processing credit card and preparing bank deposits and her work was directly and vitally related to the functioning of Defendants' business activities.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

17. Plaintiff 1) occupied a position as a Cashier; 2) did not hold a position considered as exempt from the overtime provisions of the FLSA; and, 3) was paid on an hourly basis.

18. Defendants' required Plaintiff to work in excess of 40 hours in a workweek.

19. Plaintiff worked overtime in numerous workweeks while employed by the Defendants.

20. Despite working numerous hours in excess of 40 hours each workweek, Defendants did not pay Plaintiff an overtime premium for her work in excess of 40 hours in a workweek.

21. Defendants avoided paying Plaintiff the appropriate overtime by paying Plaintiff from straight time only.

22. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

23. The work schedules for the Plaintiff required her to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks. Plaintiff averaged approximately 47 hours each workweek.

24. Defendants' policy of not properly paying overtime is company-wide and was willful.

25. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

26. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

27. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

28. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

29. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal

Rules of Civil Procedure.

WHEREFORE, Plaintiff, HALEY JONES, demands Judgment against Defendants, jointly and severally, for the following:

    a.    Awarding Plaintiff her compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

    b.    Awarding Plaintiff her pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

    c.    Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

    d.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, HALEY JONES, demands a jury trial on all issues so triable.

Respectfully submitted this March 26, 2020.

        **ROSS • SCALISE LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawpc.com

        _____
        **CHARLES L. SCALISE**
        Texas Bar No. 24064621
        **DANIEL B. ROSS**
        Texas Bar No. 789810