IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HALEY JONES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-329-RP |
| CSTORES VENTURES, INC., BOB KHAN, and SABA KHAN, | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the parties' Joint Motion to Approve Settlement and Dismiss with Prejudice. (Mot., Dkt. 18). The parties filed their joint motion to approve the settlement on August 31, 2020, attaching the settlement agreement itself to the motion. (Mot., Dkt. 18; Settlement Agreement, Dkt. 18-1). In their motion, the parties state that the settlement agreement "represents a fair compromise of a bona fide dispute concerning the legality of compensation practices with respect to Plaintiff." (Dkt. 18, at 2). After reviewing the parties' settlement, arguments, and the relevant law, the Court will grant the motion.

Plaintiff Haley Jones ("Jones") filed this action under section 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") to recover damages for violations of the FLSA's overtime wage provision. (*See* Am. Compl., Dkt. 1). The Fifth Circuit has not strictly defined the ambit of FLSA vis-à-vis dismissals without judicial review of settlement agreements. *See Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) ("[T]his court has no binding precedent that resolves whether parties may privately settle a FLSA claim involving a bona fide dispute over whether the plaintiffs worked on days for which they seek unpaid wages."). However, the Fifth Circuit has held a "private settlement of FLSA claims" to be binding when "the settlement gave employees 'everything to which they [were] entitled under the FLSA at the time the agreement [was]

1

reached."' *Id.* (quoting *Thomas v. Louisiana*, 524 F.2d 613, 615 (5th Cir. 1976)). In *Martin*, the settlements were enforceable as "a way to resolve a bona fide dispute as to the number of hours worked—not the rate at which [the workers] would be paid for those hours." *Id.* at 256.

Given the absence of explicit Fifth Circuit precedent to the contrary and the tendency of district courts within the Fifth Circuit to require review of FLSA settlement agreements, the Court finds that its review and approval of the settlement is appropriate, if not mandatory. *See Trevino v. Colt Oilfield Servs., LLC*, 2019 WL 3816302, at *2 (W.D. Tex. May 6, 2019) "The primary focus of the Court's inquiry in deciding whether to approve the settlement of a FLSA collective action is on ensuring that an employer does not take advantage of its employees in settling their claim for wages." *Sims v. Hous. Auth. City of El Paso*, 2012 WL 10862119, at *2 (W.D. Tex. Feb. 29, 2012) (quoting *Liger v. New Orleans Hornets NBA Ltd., P'ship*, 2009 WL 2856246, at *2 (E.D. La. Aug. 28, 2009)).

Here, there clearly "exists a bona fide dispute" under the FLSA regarding "the amount of hours worked or compensation due." *Jones v. JGC Dallas LLC*, No. 3:11–CV–2743–O, 2014 WL 7332551, at *3 (N.D. Tex. Nov. 12, 2014). Jones alleged that "Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek." (Compl., Dkt. 1, at 4). In their answer, Defendants denied Jones's allegations and offered 47 affirmative defenses. (*See* Answer, Dkts. 10, at 3–5). The parties "vigorously disputed the claims and defenses," and thus their settlement arises from a bona fide dispute. (Dkt. 18, at 3).

Having found a bona fide dispute, the Court reviews the settlement agreement to determine whether it is fair and reasonable. *See Jones*, 2014 WL 7332551, at *3 (citing *Sims*, 2012 WL 10862119, at *3). After engaging in "exhaustive and hard fought negotiations," the parties agreed to a settlement of $3,650 as a "full settlement, compromise and release of all claims arising out of or in

connection with this lawsuit." (*Id.* at 4; Settlement Agreement, Dkt, 18-1, at 4). The parties have agreed to each be "solely responsible for payment of their respective attorney's fees" and "costs." (Settlement Agreement, Dkt, 18-1, at 4). The settlement amount was determined through "thoroughgoing, comprehensive discussions" and Jones "stayed informed of its status almost monthly." (Dkt. 18, at 4). Jones "took and active role in this litigation" and "deems this settlement fair and reasonable." (*Id.*). As such, the settlement provides "'everything to which [the FLSA Plaintiffs] are entitled under the FLSA at the time the agreement [was] reached.'" *Martin*, 688 F.3d at 255. The Court finds that the settlement agreement comports with *Martin* and is a fair result of good-faith negotiations between the parties. It is therefore binding and enforceable.

Given the foregoing, the Court finds that the settlement agreement is consistent with the FLSA's purposes of protecting workers "from substandard wages and excessive hours" and safeguarding their ability to obtain relief to which they may be entitled. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

Accordingly, **IT IS ORDERED** that the parties' Joint Motion to Approve Settlement and Dismiss with Prejudice, (Dkt. 18), is **GRANTED**.

**IT IS FURTHER ORDERED** that Jones's claims against Defendants, (*see* Compl., Dkt. 1), are **DISMISSED WITH PREJUDICE**.

The Court will render final judgment under Federal Rule of Civil Procedure 58 in a separate order.

**SIGNED** on January 15, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE